UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER KLAMKA,

    Plaintiff,

v

BANK OF AMERICA, N.A. and THE BANK
OF NEW YORK MELLON, f/k/a The Bank of
New York, as Trustee for the Certificateholders
of CWABS, Inc., Asset Backed Certificates,
Series 2005-SD1,

    Defendants.

Case No.  2:11-cv-15573
Hon. Lawrence P. Zatkoff
Magistrate Judge R. Steven Whalen

## STIPULATED ORDER OF PRELIMINARY INJUNCTION AND STAY OF PROCEEDINGS

This case involves a dispute between plaintiff Peter Klamka and defendants Bank of America, N.A. ("BANA") and The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset Backed Certificates, Series 2005-SD1 ("BNYM") related to a mortgage foreclosure.  The parties are seeking to stay the proceedings while negotiating settlement prior to expending the time, effort and expense of litigation.  Pursuant to the stipulation of the parties,

IT IS ORDERED that BNYM and BANA and their agents, employees, and designees are enjoined from foreclosing the mortgage provided plaintiff timely makes all escrow payments

with the Court as stated below and timely provides all information requested by BANA to determine plaintiff's eligibility for a loan modification as stated below.

IT IS FURTHER ORDERED that plaintiff shall pay $2,000.00 into escrow with the Court no later than the 1st of each month starting on February 1, 2012 until resolution of this matter. The escrow payment shall be made to the Clerk of the Court by cash, certified check, cashier's check or money order, and the Clerk shall deposit the funds in an interest-bearing account and deduct from the account any fee authorized by the Judicial Conference of the United States. If plaintiff's claims are dismissed against BNYM and BANA, the escrow shall be paid to BANA and applied to amounts outstanding on the loan, unless the parties otherwise agree. This order does not alter plaintiff's obligations under any agreement between the parties, and it should be in no way be construed as a waiver by the owner of the loan to collect the amounts due and owing on the loan.

IT IS FURTHER ORDERED that, in light of the parties continuing to engage in settlement negotiations intended to resolve this lawsuit, the proceedings are stayed until April 30, 2012;

IT IS FURTHER ORDERED that plaintiff shall provide by February 15, 2012, all information previously requested by BANA to determine plaintiff's eligibility for a loan modification. Plaintiff shall also provide any further requested information within 14 days of any such request;

IT IS FURTHER ORDERED that if any party believes that settlement negotiations are no longer fruitful or beneficial, then the party may, on seven days written notice to the other party, submit an order ending the stay of proceedings.

2

Troy_645378_3

IT IS FURTHER ORDERED that, provided the stay remains in effect and is not cancelled by any party pursuant to the preceding paragraph, BNYM and BANA's response to plaintiff's complaint is not due until May 1, 2012.

s/Lawrence P. Zatkoff
United States District Court Judge


Dated: January 25, 2012

Stipulated as to entry:
GANTZ ASSOCIATES					BODMAN PLC

By: /s/with consent of Adam J. Gantz		By:  /s/Trevor M. Salaski
    Adam J. Gantz (P58558)			    Brian C. Summerfield (P57514)
27750 Middlebelt Road, Suite 100		    Trevor M. Salaski (P74703)
Farmington Hills, MI  48334			201 W. Big Beaver Road, Suite 500
(248) 886-9006					Troy, Michigan 48084
agantz@gantzassociates.com			(248) 743-6000
Attorney for Plaintiff				bsummerfield@bodmanlaw.com
						tsalaski@bodmanlaw.com
						Attorneys for Defendants

4