UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER KLAMKA,

    Plaintiff,

v.

BANK OF AMERICA, N.A. and THE
BANK OF NEW YORK MELLON,

    Defendants.
_____/

Case No. 11-15573
Hon. Lawrence P. Zatkoff

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on July 25, 2012

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Defendants' Motion to Dismiss ("Motion") [dkt #6]. After Plaintiff failed to file a timely answer, the Court issued an Order to Show Cause why the case should not be dismissed for failure to prosecute and ordered Plaintiff to file a response. Ultimately, Plaintiff filed a response to the Order to Show Cause and a response to Defendants' Motion. Defendants filed a timely reply. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E. D. Mich. L. R. 7.1(f)(2), it is hereby ORDERED that this case be resolved on the briefs submitted. For the following reasons, Plaintiff's case is DISMISSED WITH PREJUDICE and Defendants' Motion to Dismiss is DENIED AS MOOT.

**II. BACKGROUND**

Plaintiff filed his case against Defendants in Washtenaw County Circuit Court to avoid

foreclosure of his mortgage on real property located at 1000 Country Club Rd., Ann Arbor, Michigan. Defendants subsequently removed the case to this Court. By stipulation of the parties, the Court ordered the case stayed on January 25, 2012, until April 30, 2012, in light of ongoing settlement negotiations. Plaintiff was order to pay $2,000 into escrow with the Clerk of the Court on the first day of each month, starting February 1, 2012, and until resolution of this case. Plaintiff was further ordered to provide previously requested information to Defendants by February 15, 2012, to determine Plaintiff's eligibility for a loan modification.

Once the stay automatically lifted on April 30th, Defendants filed the instant Motion on May 1, 2012. More than 21 days had elapsed since Defendants filed their Motion, and Plaintiff had not yet responded. *See* E. D. Mich. L.R. 7.1(e)(1)(B). On June 15, 2012, the Court ordered Plaintiff to show cause why his case should not be dismissed since E. D. Mich. L. R. 41.2 provides that when a party has taken no action for a reasonable time, the Court may enter an order dismissing the case unless good cause is shown. Plaintiff's response to the order was due on July 3, 2012. The Court also permitted Plaintiff to file an untimely response to the Motion on the same date.

Plaintiff has filed a timely response to the order to show cause and a response to the Motion. Plaintiff asserts that he failed to file a timely response to the Motion because "Plaintiff . . . attempted to engage Defendants in further settlement discussions in the hopes of continuing to avoid the time and expense of further litigation." According to Plaintiff, he was waiting for an answer from Defendants on his proposed settlement offer. Plaintiff also claims that there has been no prejudice to Defendants because Plaintiff has now filed a response to their Motion. Defendants then filed a reply to address the "circumstances incorrectly set forth by Plaintiff . . . in his response to the Order to Show Cause."

### III. DISCUSSION

Fed. R. Civ. P. 41(b) provides the Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Fed. R. Civ. P. 41(b). Similarly, as the Court noted to Plaintiff in its order to show cause, if a party has taken no action for a reasonable time, E. D. Mich. L. R. 41.2 permits a Court "on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown."

Defendants' reply details multiple purported violations of the Court's order by Plaintiff and actions by Plaintiff that have caused considerable time and expense to Defendants, including:

(1)  failing to provide the requested documentation to Defendants by February 15, 2012, as ordered by the Court;

(2)  failing to provide the requested documentation to Defendants after its February 15, 2012, request;

(3)  requiring Defendants to request the documentation again on March 6, 2012;

(4)  providing Defendants only part of the documents requested on March 6, 2012;

(5)  providing Defendants an additional document on March 21, 2012, yet still failing to provide all requested documents;

(6)  failing to provide Plaintiff's 2010 tax returns, as requested by Defendants;

(7)  failing to provide Defendants with proof that monthly escrow payments had been made to the Clerk of the Court and whether Plaintiff pays any Homeowner's Association dues; and

(8)  failing to file a timely response to Defendant's Motion.

These violations of the Court's orders and Plaintiff's unwillingness to cooperate with Defendants is troubling. The Court finds that the interests of justice are best served by dismissal of

Plaintiff's Complaint under Fed. R. Civ. P. 41(b) and E. D. Mich. L. R. 41.2. Plaintiff has first failed to comply with the orders of this Court as listed above. Second, Plaintiff has failed to cooperate with Defendants. In assessing the extent to which Plaintiff has failed to comply, the Court also contacted its financial services department to verify whether Plaintiff had made monthly escrow payments as agreed to by the parties and ordered by the Court in January 2012. The financial services department has no record of any payments being made to an account relating to this case. These deficiencies alone are sufficient under Fed. R. Civ. P. 41(b) to warrant dismissal of Plaintiff's case.

Even so, E. D. Mich. L. R. 41.2 further supports the Court's conclusion that dismissal is warranted. Plaintiff's response to the order to show cause is unsatisfactory and fails to show "good cause" as to why he failed to file a timely response to Defendants' Motion. Plaintiff relies on the fact that he was waiting on a response from Defendant regarding a purported settlement offer. Plaintiff's settlement offer, however, does not excuse Plaintiff from following the procedural time lines for filing a response to a motion.[1] The Court had already stayed this matter from January 25, 2012, until April 30, 2012, for the specific purpose of engaging in settlement. Once the stay automatically lifted, Plaintiff was obligated to respond to Defendants' Motion. Had Plaintiff wanted to continue settlement negotiations, he could have requested that the Court continue the stay. As such, the Court finds that Plaintiff fails to show "good cause" as to why his case should not be dismissed pursuant to E. D. Mich. L.R. 41.2.

---

[1] Plaintiff's assertion that settlement caused the delay also appears disingenuous. According to Defendants, the settlement offer Plaintiff extended to Defendants occurred on June 13, 2012, more than three weeks after Plaintiff's response was due. Defendants never responded because two days later the Court issued its order to show cause.

4

## IV. CONCLUSION

Accordingly, Plaintiff's Complaint is DISMISSED WITH PREJUDICE pursuant to Fed. R. Civ. P. 41(b) and E. D. Mich. L.R. 41.2.

IT IS FURTHER ORDERED, having dismissed Plaintiff's Complaint, Defendants' Motion to Dismiss [dkt #6] is DENIED AS MOOT.

IT IS SO ORDERED.

                                                S/Lawrence P. Zatkoff
                                                LAWRENCE P. ZATKOFF
                                                UNITED STATES DISTRICT JUDGE

Dated:  July 25, 2012

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 25, 2012.

                                                S/Marie E. Verlinde
                                                Case Manager
                                                (810) 984-3290